## AVERY GRANT v. ISAAC NEWTON.

Where a party employed his son upon his own business—sent him on a journey at his own expense, and placed in the son's possession, while so employed, a traveling trunk, clothing, &c., for the purposes of the journey; *held*, that a passenger carrier was liable, if through his negligence, the trunk, &c. were lost while on the journey; and that an action on the case, in substance and effect, would lie for such loss, in favor of the father, against the carrier.

The liability of a passenger carrier for baggage lost through his negligence, does not extend to money, even sufficient for traveling expenses, contained in the trunk of a passenger.

Although the authorities contain *dicta* on the subject, this point has not heretofore been settled by adjudication in this state.

When articles in a passenger's trunk are not merchandize carried for trading purposes, but are of a doubtful character, the liability of a carrier is not fixed by any definite rule; but it is a question to be in general passed upon, as one of fact, whether the articles are such as are properly denominated baggage, or are such as travelers on their journey usually carry in their trunks.

THIS cause was heard upon the defendant's appeal from a judgment entered against him in the marine court. A son of the plaintiff, residing with him in Delaware county, in this state, twenty years of age, in his employ, and traveling upon

his business, took passage in this city for Kingston, on board of a steamboat in part owned by the defendant. After paying his passage, and depositing his trunk and hat box in a place on the boat designated by one of the hands, to whom the captain had referred him as the person who would take charge of it, he went on shore. Upon returning, within thirty minutes, the baggage was missing, and was never restored. The captain was immediately informed of the loss. The trunk and box contained, in addition to ordinary clothing, twelve dollars in silver money, cotton goods for pantaloons, a vest pattern, a type and marking ink, snuff box, and calico for a dress. The son was sworn as a witness, and testified that the clothing, (although his wearing apparel,) and the other contents of the trunk and box, were the property of his father. The recovery in the court below was for the value of the clothing, money, and all the articles enumerated.

*Charles Jones*, for appellant.

*D. Marvin*, for respondent.

BY THE COURT. WOODRUFF, J.—The first question raised upon this appeal is, whether the plaintiff, as owner, can maintain an action for the loss of baggage in possession of his son, who was traveling upon his business?

The son, while thus traveling, took passage on board the defendant's passenger boat and delivered his trunk and hat box into the care of the defendant's agent on board. He testifies that he lived with his father (the plaintiff)—was in his employ —was traveling for him, and on his business, and that the trunk and hat box, though containing wearing apparel which he himself wore, in fact belonged to the plaintiff, with all their contents.

Whether the wearing apparel of a minor son, in all cases, belongs to the father in such a sense that he can maintain an action for its loss, under circumstances like the present, it is unnecessary to say. *This case*, however, may, upon the proofs, be thus stated:

The plaintiff employs his son on his own business—sends him on a journey, at his own expense, and places in his possession, for his use while so employed, a traveling trunk, hat box, clothing, &c., for the purposes of the journey. While on the journey such trunk, &c., is lost through negligence of the passenger carrier.

I cannot doubt that for such loss, an action on the *case* for *neglect* of duty lies against the carrier in favor of the father.

The only case which is cited by the appellant, which he supposes to hold the contrary, is *Weed* v. *the Saratoga Rail Road Co.*, 19 Wend. 534.

But that was an action of *assumpsit*, in which the plaintiffs declared on a SPECIAL *contract*, and they failed because they did not and could not prove the *contract* with *themselves*. The contract proved was a contract with the *agent* to carry *him* as a passenger, and as incidental to such primary contract, to carry also his baggage. And the court held, that the *contract* was *single*, and could not be treated as a contract with the agent to carry his person, and also a *contract* with the plaintiffs to carry *their* money in the agent's trunk. The plaintiffs, therefore, having declared on a *special contract* with themselves, and having proved only a contract with the agent, were not entitled to recover.

But the court do not hold that an action *on the case* for violation of *duty*, as common carriers, would not lie in such case in favor of the plaintiffs. On the contrary, Justice Cowen, by whom the opinion was delivered, distinctly holds that they could not maintain such an action, and intimates that if the agent in that case had been the "mere naked servant" of the plaintiffs, assumpsit would have been maintainable by them, on the ground that the *whole* promise by the defendants would in such case enure to the plaintiffs' benefit. No special agreement is said to be *necessary* to the maintenance even of assumpsit in such case, the agreement being implied from the duty; (*Orange Bk.* v. *Brown*, 3 Wend. 161;) and yet if plaintiffs declare upon a special agreement, they may be held to prove it as laid. The action now before us is *not* an action on

*contract.* It is an action on the case, in substance and effect, though technical forms of pleading are no longer necessary. And such an action will lie in favor of the owner, although the goods were delivered by an agent to be carried.

The case of *The Orange Co. Bank* v. *Brown*, 9 Wend. 85, was an action on the case, and, like the present, founded on breach of duty as common carriers, and the property lost was, in that case, as in this, in the possession of the plaintiff's agent, who had taken passage with defendants and treated the property as baggage. And yet the decision of that case proceeds upon the ground that the large sum of money claimed could not be deemed baggage, and not on the ground that it was not the *passenger's property.*

The case of *Daws* v. *Peck*, 8 T. R. 330, in principle sustains this action in the name of the father; and the case of *Piper* v. *Manny*, 21 Wend. 282, which was an action on the custom against an innkeeper, for goods brought to the inn by the plaintiff's servant and lost there, leaves no room for doubt on the subject.

The only remaining question is, whether the money and calico for dress, half ream of writing paper, cotton goods for pantaloons, vest pattern, type and indelible ink, and snuff box, are to be deemed baggage in such sense as to subject the defendants to payment therefor, in virtue of their duty to safely carry the passenger and his baggage?

The general rule on the subject is well understood. The liability is confined to "ordinary baggage," or "such baggage as a traveler usually carries with him for his personal convenience," and does not include merchandise as such. So it has been distinctly held, not to include a large sum of money. But it is so difficult to determine what articles are or may be useful for the ordinary purposes of traveling, by any precise or definite rule, that it is deemed in general proper, when the articles are of a doubtful character, to leave the question to be determined by the intelligence and good sense of a jury, under instruction that what are usually carried by travelers from necessity or

for convenience, instruction or amusement, are properly denominated baggage.

Under this rule, it has been said by judges in this state, that money in a trunk to pay traveling expenses, might be included as baggage.

Thus, in *Orange Co. Bank* v. *Brown*, 9 Wend. 117, Justice Nelson says, "*money*, EXCEPT *what may be carried for the expenses* of traveling, is not thus included."

In *Hollister* v. *Nowlan*, 19 Wend. 245, this observation is referred to by Justice Bronson without dissent, as holding, that "money for the expenses of traveling" is included as baggage, though in *that* case there was no money in the lost *trunk*.

In *Cole* v. *Goodwin*, 19 Wend. 251, there was an actual recovery for clothing, books, and $20 in money, contained in the lost trunk. This case was severely contested on two arguments had on the motion for a new trial, and Justices Bronson and Cowen both sustain the verdict. Justice Cowen, in his opinion, speaking of the passenger's trunk, "which is to contain his clothes, and money for traveling expenses, and his books, if he be on his way to college, as in this case," as if there were no question that money sufficient for traveling expenses was properly included. But even in the last named case, it must be observed that this precise point was not raised on the argument. The contest was upon the effect of a special notice, the defendants insisting that they were not liable at all.

In *Weed* v. *The Saratoga Rail Road Co.*, 19 Wend. 534, the point, that the carrier is liable for necessary traveling expenses contained in the passenger's lost trunk, seems to have been assumed as settled, though the court held, that the plaintiffs could not recover in the form of action pursued in that case.

In *Pardee* v. *Drew*, 25 Wend. 460, the court held, that a trunk containing merchandise, and nothing else, is not to be deemed baggage, within the rule.

None of these cases can be regarded as *decisions* that money can be recovered under such a designation; and in *Hawkins* v. *Hoffman*, 6 Hill, 589, Justice Bronson states the general proposition, that "it neither includes money nor merchandise,"

and in regard to the "suggestion in *Orange Co. Bank* v. *Brown*, that money to pay traveling expenses might, perhaps, be included," adds, "but that may, I think, be doubted," "men usually carry money to pay traveling expenses about their persons, and not in their trunks and boxes, and no contract can be implied beyond such things as are usually carried as baggage."

The question must, therefore, be regarded as wholly unsettled by adjudication in this state, and all the dicta rest simply upon what was stated as a possible *exception* in *Orange Co. Bk.* v. *Brown*, where, so far as I can discover, the idea was first suggested in this state. No authority elsewhere is referred to as countenancing such a construction of the term baggage. And concurring, as I do, in the views expressed on the subject in *Hawkins* v. *Hoffman*, I must hold that money cannot be recovered for as baggage in the present case.

I cannot say that this view applies to the other articles objected to, the materials for vest and pantaloons, and dress purchased on the journey. The writing paper, ink and snuff box are not of that character that we can say, that travelers making such purchases by the way, do not carry them in their trunks. They were not merchandise carried for trading purposes; and at all events it was a proper question to be passed upon, as a question purely of fact, whether they were such as travelers, on their journey, usually carry in their trunks. Although the paper for writing purposes, the ink for marking clothes, the materials for vest and pantaloons, to be made up for use, and especially the dress as a present for a friend, are not entirely out of the range of doubt, I do not think we should, on appeal from the judgment, exclude them from the recovery.

The judgment must be reversed to the amount of the *money* lost, and affirmed as to the residue of the recovery, without costs to either party.

Judgment accordingly.